■ AETNA CASUALTY AND SURETY COMPANY, as Subrogee of B. JADOW & SONS, INC., Appellant, v CAROLINA FREIGHT CARRIERS CORPORATION, Respondent.—Order, Supreme Court, New York County (Irma Vidal Santaella, J.), entered February 21, 1992, which granted the defendant's motion for summary judgment, denied plaintiff's cross motion for summary judgment, and dismissed the complaint, unanimously affirmed, with costs.

In this action to recover the value of goods lost in transit, the IAS Court correctly held that plaintiff failed to raise an issue of fact as to the existence of a contractual relationship between defendant and plaintiff's assured, Jadow. The international bill of lading under which the goods were shipped was issued by nonparty Bleckmann International Forwarders and, while it directed Jadow to look to defendant for delivery, defendant did not issue a bill of lading of its own. Nor can the contract between Bleckmann and defendant to develop transportation trade serve as a basis for making defendant liable for the loss, the goods having been shipped to Savannah, which was not a "mutually agreed upon" port within the meaning of that contract. Plaintiff's argument to the contrary notwithstanding, there is no evidence in the record to support its argument that defendant received the goods, consequently defendant cannot be held liable for failing to timely report the loss, and, by parity of reasoning, plaintiff's cause of action for conversion must also fall. In conclusion, while the record shows that defendant undertook to investigate the loss, there is no evidence to support plaintiff's claim that it employed defendant to pursue its claim. Concur—Rosenberger, J. P., Asch, Kassal and Rubin, JJ.